FILED '10 MAR 09 1451 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

TAMMIE CAMPBELL                         Civ. No. 08-6234-HO

            Plaintiff,                  ORDER

     v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

            Defendant.

_____

     Pursuant to 42 U.S.C. § 405(g), plaintiff seeks review of

Administrative Law Judge (ALJ) Tielens' February 19, 2008,

decision finding she was not disabled and denying her application

for Supplemental Security Income Disability (SSI) benefits.  This

decision became the Commissioner's final decision on June 6,

2008, when plaintiff's request for review was denied.  [Tr.7-9].

### Discussion

     Plaintiff contends that the ALJ erred in his findings

particularly in failing to credit Dr. Daly's opinion, rejecting

1 - ORDER

the opinion of Dr. Potter and failing to give proper credit to her lay witness' testimony. (#15-pp.23-27). Finally plaintiff argues that these errors resulted in the ALJ making an incorrect decision regarding her ability to perform work. *Id.*

Defendant contends that the record contains substantial evidence upon which the ALJ and the Commissioner properly based their finding that the plaintiff is not disabled. [#17]. Defendant notes that plaintiff does not contest the ALJ's finding that plaintiff exaggerated her symptoms to excuse her criminal acts involving dishonesty and deception. [#17-pp.4-5, Tr.22-23].

The hearing resulting in the ALJ's February 19, 2008, decision for which review is here sought, was convened on remand from the Appeals Counsel which directed the ALJ to *inter alia* obtain updated treatment records, obtain a consultative mental status examination with psychological testing and a medical source opinion about what the plaintiff could do despite her impairments. Tr. 485-86]. I find this hearing carefully fulfilled all directives of the Appeals Counsel.

The ALJ determined that plaintiff had the following severe impairments: degenerative disc disease in her lumbar spine, fibromyalgia, depression and symptom exaggeration suggestive of malingering. [Tr. 17]. After considering all newly submitted medical records and evaluations, the ALJ's detailed reasoning

2 - ORDER

demonstrated why despite plaintiff's fibromyalgia[1] and depression causing significant limitation in her ability to perform basic work activities, none of her physical or mental impairments met or equaled the requirements of a listed impairment. [Tr. 19-20].

It is well established that if administrative findings are supported by substantial evidence in the record they are upheld, even if there could be more than one rational interpretation of that evidence. *Richardson v. Perales,* 402 U.S. 389, 400 (1971), *see also* Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9ᵗʰ Cir. 1987). Substantial evidence means "such relevant evidence as a reasonable mind would accept as adequate to support a conclusion." *Howard v. Heckler*, 782 F.2d 1484, 1487 (quoting *Richardson* v. Perales, 402 U.S. at 401).

Similarly I find this record contains substantial evidence to support the ALJ's clearly enunciated findings that while plaintiff's fibromyalgia and depression are severe impairments, her residual functional capacity (RFC) is sufficient to enable her to perform medium work limited to simple routine repetitive work as well as more complex tasks that she learned in the past. [Tr. 20-27]. (Tr.17). After considering the record (particularly noting those pages cited in support of plaintiff's

---

[1]    The ALJ included a detailed consideration of plaintiff's alleged limitations due to her fibromyalgia in combination with her other impairment(s) in finding that her symptoms did not rise to the level of severity to be medically equal to a listed impairment.

3 - ORDER

contentions), I find that the ALJ's conclusions about plaintiff's physical condition are supported by substantial evidence in the record.

Plaintiff contends that the ALJ improperly rejected her psychiatrist's assessment that she could not function in a work setting. [#15-p.23].  She further objects to the ALJ discounting her treating physician's opinions regarding her inability to sustain gainful employment. [#15-pp.25-26].

An ALJ is responsible for resolving conflicts in the medical record.  *Benton v. Barnhard,* 331 F.3d 1030, 1040 (9th Cir. 2003). Thus an ALJ may reject a treating physician's medical opinion based on clear and convincing reasons which are supported by substantial evidence in the record.  *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995); 20 C.F.R. §§404.1527(d), 416.927(d).

Contrary to plaintiff's assertions, the ALJ documented and cited his many reasons for discounting Dr. Daly's conclusions regarding plaintiff's ability to work.  (Tr.25-27).  Similarly the ALJ also made specific findings with regard to Dr. Potter's opinion noting that "his opinions are not well supported with other substantive evidence in the case record, including his own clinical notes."  [Tr.25].  Finally, the ALJ carefully analyzed the testimony offered by plaintiff's lay witnesses giving specific reasons for not giving their testimony significant weight in his determination. [Tr. 23-24].

The specific and legitimate reasons enunciated by the ALJ support his findings with regard to the various witness and provider testimony/opinion with which he disagreed or weighted less than others and is supported with substantial evidence in the record.

In discounting a plaintiff's testimony the ALJ must offer specific, clear and convincing reasons for so doing. *Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1160 (9th Cir. 2008). Although the ALJ did not here specifically find plaintiff was malingering, he noted in specific detail her criminal background involving credit card theft from her mother, embezzlement form a former employer and shoplifting – all of which involve dishonesty and deception. (Tr. 22-23). He therefore reasonably found that "considering the entire case record,[he could] not find the plaintiff's subjective complaints to be sufficiently credible to support a finding of disability." [Tr.23].

The ALJ detailed the clear and convincing medical and nonmedical evidence supporting his assessment of plaintiff's physical and mental condition and his subsequent finding that she is not disabled. I find that the ALJ's decision (and subsequently that of the Commissioner), is supported by substantial evidence in the record, is based on his application of the correct legal standards and therefore contains no reversible error.

<u>Conclusion</u>

For the reasons stated above, the Commissioner's final decision is AFFIRMED.

IT IS SO ORDERED.

DATED this ___ day of March, 2010.


United States District Judge